# Moody, *et al. v.* Atkinson, *et al.*

## *Ejectment.*

(Decided Feb. 8, 1910.   51 South. 621.)

1. *Ejectment; Issues; Pleas.*—The plea of the general issue is the only appropriate pleading in an action of ejectment although the parties may frame the issues to suit themselves.

2. *Same; Proof; Instruction.*—Where issue was joined on five special pleas in an action of ejectment, and some of the pleas were proven, the defendant was entitled to have the verdict directed for him, regardless of the immateriality of the plea.

3. *Same; Bar.*—A judgment rendered in a second suit in ejectment between plaintiff and the grantor of defendant, upon a plea of disclaimer was not such a judgment in ejectment in defendant's favor within the meaning of section 3858, Code 1907, as to be one of two judgments requisite to bar an action in ejectment.

4. *Same.*—Where it affirmatively appeared that the merits of a prior suit in ejectment as to the validity of the title on which plaintiff based his right of recovery, under a mortgage, were not determined the decree in that case could not bar the present action on the theory of res adjudicata.

5. *Appeal and Error; Review; Presumption.*—Where special pleas were filed to an action in ejectment and demurrers were filed to such pleas, but it does not appear from the record that any action was taken by the court on the demurrers, it will be presumed on appeal that the demurrers were abandoned.

APPEAL from Pickens Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by W. E. Atkins against Charles Moody and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The facts seem to be that T. J. Moody purchased the lands in question from W. E. Atkins, and gave a mortgage to secure the purchase price, and afterwards conveyed the lands to the defendants. The defense sought to be invoked was set up by special pleas, and so far as material here the special pleas were: That the title to the real estate had been adjudicated in a court of com-

petent jurisdiction before the commencement of this action. This is based on the fact that T. J. Moody filed a bill in the chancery court of Pickens county to enjoin Atkins from foreclosing the mortgage, and that Atkins in answer filed a cross-bill seeking a foreclosure, and that the lands be condemned and sold to satisfy the mortgage, and that the chancery court decreed a foreclosure sale, and that this decree was reversed by the Supreme Court, and a decree rendered by that court holding that Atkins was not entitled to a foreclosure of the mortgage. It is next insisted that Atkins brought suit in the circuit court of Pickens county against T. J. Moody to recover in ejectment for these same lands, and that a judgment was rendered against Atkins upon Moody's plea of disclaimer. These defenses were stated in various ways in several pleas, on which issue was joined, and judgment was rendered for the plaintiff.

WALTER NESMITH, for appellant.—While a mortgagee may pursue several courses in foreclosing his mortgage, he cannot separate and subdivide his action, and when he brings a proper action in a court having jurisdiction he cannot then pursue another.—21 A. & E. Ency. of Law, 204. A judgment of a court of competent jurisdiction upon the merits of a cause is final and conclusive between the parties.—*Melville v. Parker,* 18 Ala. 241; *Wood v. Wood,* 134 Ala. 557; *Tankersly v. Pettus,* 71 Ala. 179; *Strauss v. Mertief,* 64 Ala. 300. Defendant's special pleas were proven and hence, he is entitled to have the verdict directed for him.—*Holloway v. Southern B. & L. Ass'n.,* 136 Ala. 160; *Adair v. Feeder,* 133 Ala. 620. On the state of the record, it will be presumed that the demurrers to the special pleas were abandoned.—*B. R. & E. Co. v. Baker,* 126 Ala. 135; *M. & C. R. R. Co. v. Martin,* 131 Ala. 277. The two judgments constituted a bar.—*Jones v. Hagler,* 95 Ala. 529.

[Moody, et al. v. Atkinson, et al.]

CURRY & ROBINSON, for appellee. It requires two judgments in favor of one party to bar an action in ejectment.—Sec. 3858, Code 1907. A judgment in eject-ment cannot be pleaded as res adjudicata to an action that is equitable in its nature, and hence, an equitable action cannot be set up as res adjudicata to an eject-ment suit.—*Southern Ry. Co. v. Cowan*, 129 Ala. 586; *Smart v. Kennedy*, 123 Ala. 627; *Greenwood v. Warran*, 120 Ala. 71.

DOWDELL, C. J.—This is a statutory action of ejectment. It has been repeatedly said by this court that the plea of not guilty is the only appropriate plea in ejectment; but there is another well-established rule, which is that the parties may frame the issues to suit themselves, and, having done so, will be held to the con-sequences.

In addition to the plea of not guilty, the defendant filed special pleas. To some of these pleas, demurrers were filed; but it does not appear from the judgment entry that any action was taken by the court on these demurrers, and from this it will be presumed that they were abandoned. Issue was joined on the special pleas. Some of these special pleas were proven without con-flict in the evidence, and this entitled the defendants to the general charge as requested. It can make no differ-ence as to results whether the pleas are material or im-material, when issue is joined on them.

It requires two judgments in favor of the defendant in ejectment, between the same parties or their privies, in which the same title is put in issue, to bar an action. —Code 1907, § 3858. The record shows that in the sec-ond ejectment suit between the plaintiff, Atkins, and T. J. Moody, through whom these defendants claim title, T. J. Moody filed a plea of disclaimer, and judgment was rendered for him on this plea. This was not such a judg-

ment in ejectment in his favor, within the meaning of the statute, as would constitute one of the two judgments requisite to bar an action.

In the chancery proceedings introduced in evidence it appears that the decree in favor of T. J. Moody on the cross-bill filed in that proceeding by Atkins, the plaintiff here, was rendered upon issue joined on an immaterial plea, without testing its sufficiency, filed by the defendant T. J. Moody in the cross-bill, and which was established. So it affirmatively appears that the merits of the case as to the validity of the title under the mortgage on which the plaintiff here bases his right of recovery were not determined. Hence the decree in that case, on the doctrine of res judicata, could not operate a bar in the present action.

For the error indicated in the refusal of the general charge to the defendants, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.